UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:
YOUNG MENS CHRISTIAN ASSOCIATION
OF MARQUETTE COUNTY,
    Debtor.
_____/

Case No. 17-90131

Chapter 11
Case Filed: May 5, 2017

Timothy C. Quinnell (P41677)
QUINNELL LAW FIRM, PLLC
Attorney for the Debtor
419 W. Washington Street
Marquette, MI 49855
(906)228-3650
_____/

## DEBTOR'S MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES AND SALARIES AND TO PAY AND HONOR CERTAIN PREPETITION EMPLOYEE BENEFITS AND RELATED OBLIGATIONS

NOW COMES Young Mens Christian Association of Marquette County (YMCA of Marquette County) ("Debtor") by and through its attorneys, Quinnell Law Firm, P.L.L.C., and for its Motion for an Order Authorizing Debtor to Pay Prepetition Wages and Salaries and to Pay and Honor Certain Prepetition Employee Benefits and Related Obligations, states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 USC § 157 and 1334. This matter is a core proceeding pursuant to 28 USC § 157 (b)(2). Venue of this proceeding is proper pursuant to 28 USC § 1408 and 1409.

2. On May 5, 2017, the petition date, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its estate and is operating and managing its business as Debtor-in-Possession pursuant to § 1107 and 1108 of the Code.

1

4. The YMCA is the nation's leading non-profit committed to strengthening communities through youth development, healthy living and social responsibility.

5. By this Motion, the Debtor is requesting authority to pay wages, salary and other prepetition compensation owed to its employees, including the reissuance of any prepetition paychecks that have not been honored as of the petition date or were returned unpaid by the Debtor's bank. If checks were returned, the Debtor would also reimburse for any fees or charges assessed by its own bank.

6. The Debtor is also requesting that it be permitted, in the ordinary course of their post-petition operations, to honor various benefits, such as vacation pay and paid sick days, that were earned by employees before the petition date.

7. Additionally, the Debtor is seeking authority to reimburse employees for out-of-pocket expenses they may have paid or incurred prepetition for the Debtor's benefit, to the extent such reimbursement is otherwise consistent with the Debtor's standard policies.

8. This Motion also requests permission to remit to third parties various funds that have been or will be withheld or deducted from employees' paychecks. Finally, the Debtor is asking for authority to pay all taxes associated with prepetition employee wages, including not only income tax withholdings, but various payroll-related taxes for which the employer is directly responsible.

## BACKGROUND ON EMPLOYEE COMPENSATION

9. As of the petition date, the Debtor employed roughly 140 employees. Employees are paid in arrears, meaning an employee works beyond the date where the pay period ends and is paid for that pay period in the week following the end of the pay period.

10. The YMCA of Marquette County issued the most recent paychecks to employees on May 3, 2017.

11. The employees' skills and understanding of the Debtor and operations are crucial to the administration of this case, the preservation of the Debtor's assets, and the successful reorganization of the Debtor. Any significant deterioration in the morale of the employees at this critical juncture will have a devastatingly negative impact on the Debtor, the value of its assets and business, and its ability to fulfill its core mission.

12. Payment of these prepetition obligations in accordance with the Debtor's established prepetition practices will enable the Debtor to continue to operate its business in an efficient manner without disruption, and will maximize the Debtor's chances of successfully proposing a plan of reorganization.

13. The payment of the prepetition compensation and benefits is warranted under §105 (a) 363, 507 (a)(4), and (a)(5), and 541 (d) of the Code, and the case law of this district and elsewhere in the country.

14. The claims of employees for wages, salaries, and vacation and sick pay earned within 180 days before the petition date are afforded priority status to the extent of $12,475.00 per employee.

15. The Debtor does not believe that any of its employees has a claim for immediate payment for more than $12,475.00.

16. § 541 (d) of the Code excludes from property of the estate any property in which a debtor holds only legal title and not equitable title. The deductions and tax withholdings the Debtor currently possesses fall within this definition.

17. In this case, the Debtor is not requesting that any employees be paid up-front cash compensation. Rather, the Debtor asks the Court to exercise its inherent authority under § 105 (a) and authorize the Debtor, as part of its ordinary course of business operations, to honor accrued benefits according to its standard policies, notwithstanding that some employees might thereby realize more than the statutory priority on their total prepetition employment claim.

18. Unless this Motion is granted, the Debtor believes it will be unable to continue supporting its mission, and the value of property of its estate will be compromised. In order to avoid such harm, any Order the Court issues pursuant to this Motion needs to be effective immediately. Accordingly, the Debtor submits that cause exists to justify a finding that the requirements of Bankruptcy Rule 6003 (b) have been satisfied, as well as grounds for a waiver of the stay imposed by Bankruptcy Rule 6004 (h).

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting this Motion and the relief sought herein.

Dated: May 5, 2017                                    /s/ Timothy C. Quinnell
                                                     TIMOTHY C. QUINNELL (P41677)