UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:
YOUNG MENS CHRISTIAN ASSOCIATION
OF MARQUETTE COUNTY,
    Debtor.
_____/

Case No. 17-90131

Chapter 11
Case Filed: May 5, 2017

Timothy C. Quinnell (P41677)
QUINNELL LAW FIRM, PLLC
Attorney for the Debtor
419 W. Washington Street
Marquette, MI 49855
(906)228-3650
_____/

## DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING IT TO USE CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION, AND OTHER RELIEF

NOW COMES the Young Mens Christian Association of Marquette County, YMCA of Marquette County, Debtor, by and through its attorneys, Quinnell Law Firm, P.L.L.C., and for its Emergency Motion, states as follows:

1. On May 5, 2017, the Debtor filed for protection under Chapter 11 of the United States Bankruptcy Code. The Debtor filed this Motion as soon as practical after the petition date. The Debtor is in immediate need for an Order authorizing the use of cash collateral in order to make payroll, sustain its operation, and preserve its assets for the benefit of its creditors.

2. Since the petition date, the Debtor has operated its business as Debtor-in-Possession pursuant to § 1107 and 1108 of the Code.

3. No official committee of creditors holding unsecured claims has been appointed and no Trustee or Examiner has been appointed in this case.

1

4. The Debtor files this Motion pursuant to Federal Rules of Bankruptcy Procedure 4001 and L.B.R. 4001 – 3.

5. This Court has jurisdiction over this matter pursuant to 28 USC § 1334 (a). This is a CORE matter pursuant to 28 USC § 157 (b)(2)(M). Venue is proper pursuant to 28 USC § 1408 and 1409.

6. The Debtor is a non-profit committed to strengthening community through youth development, healthy living, and social responsibility. Through a series of unfortunate decisions made by the previous administration of the Debtor, the Debtor found itself financially overextended. A large amount of unsecured debt was due and payable with no means with which to pay it. Ordinary vendors, such as utilities, were demanding payment or threatening shut-off.

7. The Debtor brought in new management and almost an entirely new Board of Directors. The Debtor attempted to turn around its direction and to some large extent was successful, but has been unable to settle all of its claims and has decided to file its Voluntary Petition under Chapter 11 in order to obtain protection from its creditors.

8. The Debtor currently employs roughly 147 people in and about Marquette County, Michigan.

9. The Debtor provides services to the youth and to the community in general by operation of day care centers, exercise facilities, and provides meals to underprivileged children in the community.

10. The Debtor is seeking entry of an interim Order for use of cash collateral and providing adequate protection to secured creditors. On information and belief, the

only secured creditor with a lien in cash collateral of the debtor is the United States Department of Agriculture, Rural Development (USDA).

11. As adequate protection for the security interests held by USDA, the Debtor offers replacement liens on all types and descriptions of collateral which are held by said creditor, acquired or arising after the petition date, to the extent provided in 11 USC § 361 (2) in the same rank, validity and priority as existed pre-petition.

12. The Debtor seeks an Order authorizing use of cash collateral to preserve its operations and estate for the benefit of creditors. In compliance with Rule 4001 (d), the Debtor states:

    A. Upon information, the only entity which claims an interest in cash collateral is USDA;

    B. Pursuant to the proposed cash collateral Order, the Debtor proposes:

        i. to make adequate protection payments to USDA through the continued operation of its business, as negotiated with USDA, and

        ii. to grant USDA continuing security interests consistent with the proposed Order, to protect said creditor from a decrease in value in its respective collateral from the petition date pursuant to 11 USC § 361 (2).

13. USDA is owed approximately $2,997,000.00. USDA would claim that the indebtedness is secured by all of the assets of the Debtor, including a mortgage on property generally known as 1420 Pine Street (leasehold interest), all assets of the Debtor, and all accounts of the Debtor, including bank accounts and cash in the drawers.

14. On information and belief, USDA does not claim a security interest in any other real estate holdings of the Debtor, as the other real estate holdings are either leasehold interests or already secured by liens by a different lender.

15. The Debtor owns personal property assets that are subject to this Motion and secured by the debt to USDA. Included in this list of assets includes, but is not limited to, the business premises located at 1420 Pine Street, Marquette, Michigan, checking accounts at River Valley Bank, exercise equipment and assets typically associated with such, office equipment, and limited inventory of branded merchandise.

16. The Debtor believes that USDA has an interest in the cash collateral assets of the estate, which consists of all checking accounts, accounts receivable (to the extent there are any), and inventory. The value of the Debtor's assets appears to be valued at less than the amount of the debt to USDA, even considering the value of the real property (leasehold located at 1420 Pine Street, Marquette, Michigan). Accordingly, USDA's collateral position is under-secured.

17. The Debtor does not waive any rights it has against USDA including, but not limited to, its avoidance powers pursuant to 11 USC § 544 *et seq*.

18. The Debtor has immediate need for use of cash collateral to continue its operations, purchase material, meet its payroll, and other necessary, ordinary course of business expenditures and preserve the value of the estate for the benefit of all creditors.

19. Since the separation of the previous administration and installation of a new Board of Directors, the Debtor has been operating at a much more efficient level than it was previously. The Debtor has prepared an operating budget and cash flow projections, which is attached to this Motion.

20. Further, the Debtor estimates that its fundraising activities in the community will continue, which will further provide replacement value to the security held by USDA.

21. The Debtor proposes to use cash collateral to fund payment of normal and ordinary post-petition operating expenses as and when incurred, with such usage in general accordance with the budget. The Debtor anticipates that some of its costs are variable and, as such, anticipates that some of its expenses will be slightly lower or higher than those presented in the budget.

22. The Debtor believes that the value of the cash collateral assets will positively increase over the remaining portion of 2017, as the Debtor continues to seek funding for its services and receipts of members who utilize services at the Debtor's facilities.

23. As adequate protection with respect to the indebtedness to USDA and for any diminution in the pre-petition collateral, the Debtor offers the following to USDA:

    A. The Debtor shall make the monthly payment to USDA as agreed by the parties.

    B. Although not anticipated, the proceeds of any sale by the Debtor of any property subject to the lien held by USDA, other than sales of inventory in the ordinary course of business, shall, unless USDA agrees, be paid to USDA for application to the indebtedness;

    C. USDA shall be granted continuing and replacement security interests and liens in all of the Debtor's post-petition property excluding the Debtor's rights under § 544, 545, 546, 547, 548, 549, and 550 of the Code. However, nothing in this paragraph shall be deemed to provide USDA with an improvement of position

from the values of its collateral, as of the date of the petition, nor grant any interests in any property which USDA does not have a properly perfected lien;

D. The Debtor reserves its rights pursuant to 11 USC § 544 *et seq*; and

E. The Debtor shall supply financial information and information relating to the collateral as is reasonably required by USDA, which the Debtor has been doing for some number of months. In the event that USDA and the Debtor cannot agree as to what reports should be provided to USDA, the Court shall, upon notice and a hearing, make a determination.

24. Notice of this Motion will be provided to the United States Trustee for the Western District of Michigan, all secured creditors identified by Debtor which have a claim in cash collateral, the Debtor's twenty largest unsecured creditors, any other parties required to be served by Federal Rules of Bankruptcy Procedure 4001, and any other party that has filed a request for notices with this Court.

WHEREFORE, the Debtor respectfully requests that this Honorable Court grant the relief requested in this Motion, authorizing the use of cash collateral, granting adequate protection pursuant to the terms herein, or on such other terms as the Court finds just and equitable.

Dated: May 5, 2017                               /s/ Timothy C. Quinnell
                                                 TIMOTHY C. QUINNELL (P41677)

Exhibit A: Budget
Exhibit B: Proposed Order